Ben West (SBN 251018)
David H. Lichtenstein (SBN 259868)
**CALDARELLI HEJMANOWSKI PAGE & LEER, LLP**
3398 Carmel Mountain Road, Suite 250
San Diego, California 92121
(858) 720-8080
dbw@chpllaw.com
david@chpllaw.com

Michael A. Dee, (IA AT0002043, admitted *pro hac vice*)
Brant D. Kahler (IA AT0009819, admitted *pro hac vice*)
Christopher A. Proskey (IA AT0009316, admitted *pro hac vice*)
**BROWN, WINICK, GRAVES, GROSS, BASKERVILLE AND SCHOENEBAUM, PLC**
666 Grand Avenue, Suite 2000
Des Moines, IA 50309-2510
(515) 242-2400
kahler@brownwinick.com
dee@brownwinick.com
proskey@brownwinick.com

Attorneys for KREG ENTERPRISES, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KREG ENTERPRISES, INC., an Iowa corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ARMOR TOOL, LLC, an Arizona limited liability company<br><br>Defendant. | Case No. 3:19-cv-01125-BAS-WVG<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR LEAVE OF COURT TO FILE SECOND AMENDED COMPLAINT**<br><br>Date:   November 25, 2019<br>Courtroom:  4B<br>Honorable Cynthia Bashant<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

COMES NOW Plaintiff, Kreg Enterprises, Inc., and for its Motion for Leave of Court to File Second Amended Complaint hereby states and alleges as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. RELEVANT PROCEDURAL HISTORY

Plaintiff, Kreg Enterprises, Inc. ("Kreg"), filed its Complaint and Demand for Jury Trial on June 17, 2019, asserting claims against Defendant, Armor Tool, LLC ("Armor") for infringement of U.S. Patent No. 8,231,313, infringement of U.S. Patent No. D840,803 (the "D'803 Patent"), unfair competition / trade dress infringement (screw containers), and unfair competition / trade dress infringement (clamp packaging). Docket No. 1. In relation specifically to Kreg's claims against Armor for infringement of the D'803 Patent, as noted in footnote 3 of the Complaint, Kreg included in the Complaint the corrected set of drawings for the D'803 Patent which, at that time, were subject to a pending Request for a Certificate of Correction with the United States Patent and Trademark Office ("USPTO").[1] Id. at pp. 10-21, ¶¶ 21-29.

In response, Armor filed a Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on August 5, 2019, asserting deficiencies in the manner in which all four of Kreg's causes of action against Armor were pled in the Complaint. Docket No. 19. Specifically, with regard to Kreg's claim against Armor for infringement of the D'803 Patent, Armor argued that Kreg could not rely on the

---

[1] During the prosecution of the D'803 Patent, the USPTO issued a Non-Final Office Action dated May 15, 2018. Docket No. 26-2. Kreg responded (Docket No. 26-3) and provided the USPTO with two sets of drawings: the first, a "redlined" set showing changes made to the original drawings with yellow highlighting (Docket 26-4) and the second, a "clean" set showing the corrected drawings with no yellow highlighting (Docket No. 26-5). Subsequently, the USPTO mistakenly issued the D'803 Patent with the "redlined" set of corrected drawings, instead of the "clean" set of corrected drawings. Docket No. 23, pp. 82-97. On June 10, 2019, Kreg filed a Request for a Certificate of Correction with the USPTO to have the USPTO correct the D'803 Patent to include the "clean" set of drawings, as opposed to the "redlined" set of drawings. Docket No. 1-4.

corrected drawings in the Complaint because the USPTO had not yet granted Kreg's Request for a Certificate of Correction. Id. at pp. 14-16. Armor further argued that any purported error by the USPTO in relation to the D'803 Patent could only be corrected by a reissue application, as opposed to Kreg's Request for a Certificate of Correction. Id. at pp. 16-17.

In response, Kreg filed its First Amended Complaint as a matter of right pursuant to Fed. R. Civ. P. 15(a)(1)(B) on August 26, 2019. Docket No. 23. With regard to its claim that Armor infringed the D'803 Patent, Kreg removed any reference to the pending Request for a Certificate of Correction and replaced the corrected drawings with the drawings contained in the D'803 Patent as issued by the USPTO. Id. at pp. 10-20, ¶¶ 20-29.

This Court then summarily denied Armor's Motion to Dismiss as moot by Order dated August 28, 2019. Docket No. 24.

Armor then filed its Partial Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) on September 9, 2019, seeking dismissal only of Kreg's claim that Armor infringed the D'803 Patent. Docket No. 25. This time around, Armor argued that Kreg's First Amended Complaint could not rely on the drawings contained in the D'803 Patent as issued because Kreg subsequently sought correction of the D'803 Patent from the USPTO, which Armor mistakenly characterizes as Kreg's admission that the D'803 Patent, as issued, was defective. Id. at pp. 16-18. Armor then argued that the purported defects in the D'803 Patent cannot be corrected by this Court, but need to be corrected by the USPTO. Id. at pp. 18-21. Finally, Armor argued that Kreg cannot pursue Armor for infringement of the D'803 Patent while Kreg's Request for a Certificate of Correction is pending with the USPTO. Id. at p. 22.

On September 10, 2019, the very next day, the USPTO issued a Certificate of Correction for the D'803 Patent substituting the correct set of drawings into the issued D'803 Patent (as requested by Kreg). (Kahler Decl., Ex. 1.)

Accordingly, Kreg respectfully seeks leave of Court herein to file a Second Amended Complaint to allow Kreg to utilize the now-correct set of drawings for its claim against Armor for infringement of the D'803 Patent.

## II. AMENDMENT IS THE RULE, NOT THE EXCEPTION, AND SHOULD BE ALLOWED HERE

Pursuant to Fed. R. Civ. P. 15, having amended once as a matter of right, Kreg is allowed to amend its complaint a second time only with written permission from Armor or through leave of this Court. Fed. R. Civ. P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."). Armor's counsel represented to Kreg's counsel that Armor would not consent to Kreg's request to file a second amended complaint. (Kahler Decl. ¶ 3.) As such, Kreg seeks leave of court to do so here.

As noted recently by this Court, the Ninth Circuit has roundly held that Rule 15's policy (that "[t]he court should freely give leave when justice so requires") "is to be applied with extreme liberality." Hilsley v. General Mills, Inc., 376 F. Supp. 3d 1043, 1051 (S.D. Cal. 2019) (quoting Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003)). In fact,

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be freely given.

Id. at 1051-52 (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

As noted above, Kreg's request for leave to file a Second Amended Complaint is the result of the USPTO's issuance of the Certificate of Correction on September 10, 2019 (over which Kreg had no control as to timing, etc.). Certainly, therefore, there has not been, nor is there, any undue delay, bad faith, or dilatory motive.

"To show undue delay, the opposing party must at least show delay past the point of discovery." <u>Unisone Strategic IP, Inc. v. TraceLink, Inc.</u>, 2019 WL 4015836, *2 (S.D. Cal. Aug. 26, 2019). Here, discovery has not even started.

With regard to bad faith or dilatory motive, "[c]ourts have previously found bad faith when, for example, the plaintiff is merely seeking to prolong the litigation by adding new but baseless legal theories, or when plaintiffs attempt to use the amendment to warrantlessly change the nature or venue of the case" or where plaintiffs seek to amend "merely to destroy diversity jurisdiction." <u>Id</u>. (citations omitted). Clearly none of these examples of bad faith or dilatory motive are present here.

Kreg's request for leave is also not the result of repeated failures to cure deficiencies in prior pleadings. Previously, Kreg filed a First Amended Complaint that satisfied all deficiencies Armor alleged as to Kreg's first, third, and fourth causes of action. Then, with regard to the remaining second cause of action for infringement of the D'803 Patent, Kreg's request for leave to file its Second Amended Complaint results from the USPTO's issuance of the Certificate of Correction (which effectively renders moot Armor's September 9, 2019 Partial Motion to Dismiss).

This Court's allowance of the Second Amended Complaint also does not pose undue prejudice to Armor, nor is the amendment futile. <u>See id</u>. (noting that undue prejudice typically exists only where the proposed amendment "would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense," and further noting that "denial of leave to amend for futility is rare since Courts typically defer to consideration on the merits until after an amended pleading has been filed.").

Accordingly, Kreg's request to file its Second Amended Complaint can and should be freely granted.

In accordance with Civ LR 15.1(b), exhibits 2 and 3 to the Brant Kahler Declaration, filed contemporaneously herewith, are the proposed Second Amended

Complaint and a version of the Second Amended Complaint with redlines showing the changes from the First Amended Complaint. (Kahler Decl. ¶¶ 4-5.)

Respectfully submitted,

Dated: October 21, 2019  **CALDARELLI HEJMANOWSKI PAGE & LEER LLP**

By: s/Ben West
Ben West
David Lichtenstein
Counsel for KREG ENTERPRISES, INC.